IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-62-K |
| | § | |
| BRITTANY LEANNE SLADE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order dated August 25, 2021, United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on May 4, 2021 [Dkt. No. 4] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 15.

Defendant Brittany Leanne Slade personally appeared in person and through counsel for a final revocation hearing on September 30, 2021.

After consideration of the filings, evidence by way of counsel's proffer, oral argument, and applicable law, the undersigned recommends that Defendant's terms of probation should be revoked as explained below.

## Background

Defendant Brittany Leanne Slade was sentenced to a sentence of 15 months, followed by a 3-year supervised release term, for the offense of Possession of Stolen Mail, in violation of 18 U.S.C. § 1708.

Defendant began her second term of supervised release on October 4, 2020, after the then-presiding judge had revoked her supervised released on July 7, 2020 and sentenced her to 13 months imprisonment and a 23-month supervised release term. *See* Dkt. Nos. 2 & 4. Jurisdiction was transferred to this district on February 8, 2021. *See See* Dkt. No. 1.

## A.     Alleged Violations

On April 28, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following, including four violations:

> The probation officer believes that the person under supervision violated the following conditions:
> **Previous Court Notifications**
> On February 5, 2021, the Court was notified that Brittany Slade was arrested for multiple drug possession offenses and unauthorized use of a motor vehicle. Jurisdiction was requested and subsequently transferred to the Northern District of Texas.

### I.

**Violation of Mandatory Condition No. 1**
You must not commit another federal, state or local crime.

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Nature of Noncompliance**

On November 12, 2020, in Dallas, Texas, Brittany Slade violated these conditions of supervised release by possessing multiple controlled substances and using a vehicle without authorization, as evidenced by her arrest by Dallas, Texas, police (DPD) for two counts of Possession of a Controlled Substance <1gram, in violation of Texas Health and Safety Code 481.115(B), a State Jail felony, and Unauthorized Use of a Motor Vehicle, in violation of Texas Penal Code 31.07, a State Jail felony. These charges remain pending in case nos. F2060028, F2060029, and F2060030 in the 195th Judicial District Court, Dallas County, Texas.

According to the arrest report, on November 12, 2020, DPD was conducting surveillance at a hotel in Dallas, Texas, and observed Ms. Slade operating a silver Ford Fusion. Officers observed a verbal disturbance between Ms. Slade and another individual in the parking lot of the hotel. Officers then ran the license plate of the vehicle Ms. Slade was driving and it came back reported stolen. At that time, officers conducted a felony traffic stop in the parking lot of the hotel and took Ms. Slade into custody. During an inventory search of the vehicle prior to impoundment, officers located a small box in the driver's side door pocket containing a clear green plastic bag with a black sticky tar-like substance which field tested as positive for heroin. Officers also found a clear green plastic bag containing a crystal-like substance which field tested positive for methamphetamine.

## II.

### Violation of Mandatory Condition No. 1
You must not commit another federal, state or local crime.

### Violation of Mandatory Condition No. 2
You must not unlawfully possess a controlled substance.

### Violation of Standard Condition No. 8
You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

### Violation of Standard Condition No. 9
If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

### Violation of Standard Condition No. 10
You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or

was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

## Nature of Noncompliance

On March 26, 2021, in Mesquite, Texas, Ms. Slade violated these conditions of supervised release by being intoxicated in public and entering a correctional facility with marijuana concealed in her person, as evidenced by her arrest by Mesquite, Texas, police (MPD) for Public Intoxication - Substance, in violation of Texas Penal Code 49.02, a Class C misdemeanor, and Prohibited Substance in Correctional Facility, in violation of Texas Penal Code 38.11(G), a Third Degree felony. The charge for Prohibited Substance in Correctional Facility remains pending in case no. F2140548 in the 195th Judicial Criminal Court, Dallas County, Texas.

According to the arrest report, on March 26, 2021, MPD officers were on a special assignment at a motel that is known to be a location where stolen vehicles, narcotics, and fugitives were often located. Officers observed a vehicle leave the parking lot and make another turn without the use of a turn signal, at which point a traffic stop was initiated. Ms. Slade was in the passenger seat. Officers noticed the driver and Ms. Slade were both acting lethargic, and their speech was slow and slurred. MPD noted Ms. Slade's speech was so slow and she mumbled so much, she was difficult to understand. When asked if she had used any drugs, Ms. Slade admitted to taking "bars" known to be Alprazolam. Officers also detected the odor of marijuana coming from inside the vehicle and asked when the last time they smoked marijuana, which they advised was approximately 45 minutes prior to the stop.

Ms. Slade was removed from the seat, patted down, and placed in the back seat of a patrol car. While moving to the back seat, her balance was extremely poor and her behavior was consistent with someone under the influence of drugs based on the officer's experience. Ms. Slade fell asleep in the back of the car. Due to Ms. Slade's obvious signs of intoxication, her admission to use of Alprazolam and marijuana, and falling asleep during investigation, officers believed she was a danger to herself and others and place her under arrest for Public Intoxication.

During a routine drug search at the jail, it was discovered that Ms. Slade had concealed a blue baggie containing marijuana inside her vagina. Ms. Slade initially refused to remove the baggie, but eventually did.

The driver of the vehicle was charged with possession of a controlled substance (heroin), driving while intoxicated, and unlawful carrying of a weapon. A search of the vehicle after the driver was taken into custody revealed a black Canik TP9 9mm pistol, a Ruger .22 caliber rifle, drug paraphernalia, a baggie containing black tar heroin, and a glass jar containing marijuana.

## III.

**Violation of Standard Condition No. 5**
>You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**
>Ms. Slade violated this condition of supervised release by moving from her approved residence without providing advance or timely notice to the probation officer. On February 1, 2021, Ms. Slade was released on bond and advised she was living with her father, Robert Slade, at her approved address located at 2215 Acres Drive, Quinlan, Texas 75474. On February 16, 2021, Ms. Slade's father advised she was not staying with him and he did not know her whereabouts. On February 19, 2021, Ms. Slade was asked where she was staying, but she failed to provide an answer.

## IV.

**Violation of Mandatory Condition No. 3**
>You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Special Condition**
>You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

**Violation of Special Condition**
>You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulation of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

**Nature of Noncompliance**

Ms. Slade violated these conditions of supervision by failing to participate in substance abuse treatment, substance abuse testing, and mental health treatment as directed.

On October 30, 2020, U.S. Probation Officer Jeremiah Shultz (USPO Schultz) directed Ms. Slade to contact Lakes Regional MHMR Center to schedule her initial appointments for treatment and testing. On November 10, 2020, the treatment provider advised USPO Schultz that Ms. Slade had not contacted their office to initiate treatment. On November 10, 2020, USPO Schultz contacted Ms. Slade to question her about why she had not contacted the treatment provider. She apologized and advised she would do so immediately. Ms. Slade again failed to contact the treatment provider.

### Personal History

Ms. Slade began her term of supervised release in the Northern District of Texas on October 4, 2020, and released to the residence of her father, Robert Slade. During Ms. Slade's short time on supervision, she failed to comply with her conditions of supervision and resumed her involvement in illegal conduct. Ms. Slade absconded from supervision in February 2021 and her whereabouts are unknown.

Dkt. No. 4 at 1-4.

On May 4, 2021, the Court issued a warrant for Defendant. *See id*. at 6; Dkt. No. 5. Defendant was arrested on May 14, 2021 and made her initial appearance that same day. *See* Dkt. Nos. 7 & 14. She was ordered detained pending a final revocation hearing and has been detained since her arrest on May 14, 2021. *See* Dkt. No. 12.

### B.  <u>Revocation Hearing</u>

Defendant appeared with counsel for a final revocation hearing on September 30, 2021. After her consents and competence were established, Defendant testified under oath that she understood the violations alleged in the Petition and the range of punishment for those violations. She understood that she had the right to plead not true and have a hearing concerning whether she committed those violations. Defendant knowingly and voluntarily consented to enter her plea to the violations

alleged in the Petition before a United States Magistrate Judge and waived any right to allocute before the district judge before sentence is imposed.

Defendant agreed to – and did – plead true only to the alleged violations numbered III and IV in the Petition, and the government agreed not to pursue the alleged violations numbered I and II in the Petition.

And Defendant's counsel and the government's counsel each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel advocated for a prison term of 12 months and 1 day with no additional term of supervised release. The government urged the Court to impose a guideline sentence. Defendant herself was afforded an opportunity, but declined, to make a statement.

At the conclusion of the hearing, the undersigned orally recommended that Judge Kinkeade accept Defendant's pleas of true to the alleged violations numbered III and IV in the Petition, that Judge Kinkeade accept the government's agreement not to pursue the alleged violations numbered I and II in the Petition, that Judge Kinkeade find that Defendant violated her supervised release conditions as alleged by the violations numbered III and IV in the Petition, that Defendant's terms of supervised release be revoked, and that Defendant be sentenced to an additional term of imprisonment of 12 months and 1 day with no additional term of supervised release and with credit for time served.

Defendant was advised of her right to object to these recommendations to Judge Kinkeade and, along with the government, knowingly and voluntarily waived the right to object. *See* Dkt. No. 20.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

          (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

     (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

     The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered III and IV in the Petition, Defendant has violated her conditions of supervised release, but revocation is not mandatory under 18 U.S.C. § 3583(g). Because Defendant has been unwilling to follow her conditions of supervised release, revocation is appropriate, and, after considering the relevant factors identified in 18 U.S.C. § 3583(e) that are set forth in 18 U.S.C. § 3553(a), a term of incarceration is warranted to appropriately address her violations.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 4 at 5 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, she is subject to a violation grade of C and a criminal history category of V, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 7-13 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation in the Eastern District of Texas. *See* Dkt. No. 4 at 5 (citing 18 U.S.C. § 3583(h)). Defendant is therefore subject to a maximum term of supervised release of up to 23 years (3 years minus 13 months from the first revocation), minus any revocation sentence. *See* Dkt. No. 4 at 5.

Here, a sentence of 12 months and 1 day with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in 18

-10-

U.S.C. § 3583(e)(3) and set forth in 18 U.S.C. § 3553(a). Defendant has a history of failing to comply with her conditions of supervision, and it does not appear she is willing to change her behavior. A sentence at the high end of the guideline range will serve to deter future criminal activity. And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## Recommendation

Defendant Brittany Leanne Slade's term of supervised release should be revoked, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day with no additional term of supervised release. Defendant should receive credit for time served, and, as requested by Defendant's counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FMC Carswell.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE